IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21-65-GF-BMM-JTJ |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DEWAYNE C. SHOOTS JR., | |
| Defendant. | |

## I.    Synopsis

Defendant Dewayne C. Shoots Jr. (Shoots) has been accused of violating the conditions of his supervised release. (Doc. 51). Shoots admitted the alleged violations. Shoots' supervised release should be revoked. Shoots should be sentenced to TIME SERVED, with 22 months of supervised release to follow on both Count 1 and Count 2, with the custodial terms and supervised release terms to run concurrently. Shoots shall be released from custody at 6:00 p.m. on July 16, 2025 to be placed at Gyst House, a sober living facility, where he shall remain for a period of up to 180 days at the direction of his probation officer.

## II.    Status

Shoots plead guilty on December 15, 2021 to two counts of the offense of Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. § 113(a)(6) as charged in Count 1 and 2 of the Indictment. (Doc. 31). Shoots was sentenced on Count 1 and Count 2 to 38 months of custody, with 2 years of supervised release to follow, with both the custodial terms and the supervised release terms to run concurrently. (Doc. 42). Shoots' current term of supervised release began on November 21, 2024.

### Petition

On June 17, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Shoots' supervised release. (Doc. 51). The Petition alleged Shoots violated conditions of his supervised release by: (1) failing to comply with  substance abuse testing by tampering with a remote alcohol testing device on June 13, 14, 15, 16, and 17th, 2025; and (2) failing to comply with substance abuse testing requirements on June 17, 2025 by failing to provide a breath sample as instructed by his probation officer.

### Initial Appearance

Shoots appeared before the Court on July 1, 2025. Shoots was represented by counsel. Shoots stated that he had read the Petition and that he understood the allegations against him.  Shoots waived his right to a preliminary hearing.

**Revocation hearing**

Shoots appeared before the Court on July 1, 2025.  The parties consented to proceed with the revocation hearing before the undersigned. Shoots admitted that he had violated the conditions of supervised release as set forth in the Petition.  Shoots' admitted violations, 1 and 2, are serious and warrant revocation of his supervised release. The Court continued the sentencing hearing until July 15, 2025 at 10:00 a.m., which was re-set for July 16, 2025.

**Sentencing hearing**

Shoots appeared before the Court on July 16, 2025. Shoots' violations are a Grade C.  His criminal history category is I.  Shoots' underlying offenses are Class C felonies.  Shoots could be incarcerated for up to 24 months. Shoots could be ordered to remain on supervised release for 36 months less any custody time.  The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III.    Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Shoots' supervised release should be revoked.  Shoots should be sentenced to TIME SERVED, with 22 months of supervised release to follow on both Count 1 and Count 2, with the custodial terms and supervised release terms to run concurrently. Shoots shall be released from custody at 6:00 p.m. on July 16, 2025 to be placed at Gyst House, a sober living

facility, where he shall remain for up to 180 days at the direction of his probation officer.  This sentence is sufficient but not greater than necessary.

## IV.    Conclusion

The Court informed Shoots that the above sentence would be recommended to the Chief United States District Judge Brian Morris.  The Court also informed Shoots of his right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Shoots that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Shoots waived his right to appeal and allocute before Judge Morris.

The Court **FINDS:**

> That DEWAYNE C. SHOOTS, JR. has violated the conditions of his supervised release by: (1) failing to comply with substance abuse testing by tampering with a remote alcohol testing device on June 13, 14, 15, 16, and 17th, 2005; and (2) failing to comply with substance abuse testing requirements on June 17, 2025 by failing to provide a breath sample as instructed by his probation officer.

The Court **RECOMMENDS:**

> That the District Court revoke Shoots' supervised release and sentence Shoots to TIME SERVED, with 22 months of supervised release to follow on both Count 1 and Count 2, with the custodial terms and supervised release terms to run concurrently. Shoots shall be released from custody at 6:00 p.m. on July 16, 2025 to be placed at Gyst House, a sober living facility, where he shall remain for a period of up to180 days at the direction of his probation officer.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO
OBJECT**

The parties may serve and file a written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C.  § 636(b)(1).  A United States district court judge will

make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made.  The district court judge may

accept, reject, or modify, in whole or in part, the Findings and Recommendations.

Failure to timely file written objections may bar a de novo determination by the

district court judge and may waive the right to appear and allocute before a district

court judge.

DATED this 16th day of July 2025.

John Johnston
United States Magistrate Judge