IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DEWAYNE C. SHOOTS JR., <br><br> Defendant. | CR 21-65-GF-BMM-JTJ <br><br> FINDINGS AND RECOMMENDATIONS |

## I.  Synopsis

Defendant Dewayne C. Shoots Jr. (Shoots) has been accused of violating the conditions of his supervised release. (Docs. 64 and 67 ). Shoots admitted the alleged violations. Shoots' supervised release should be revoked. Shoots should be sentenced to custody for 3 months, with 19 months of supervised release to follow on both Count 1 and Count 2, with the custodial terms and supervised release terms to run concurrently. During the term of his supervised release, Shoots shall be placed in a residential re-entry center for up to 180 days at the direction of his probation officer.

## II.   Status

Shoots plead guilty on December 15, 2021 to two counts of the offense of Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. § 113(a)(6) as charged in Count 1 and 2 of the Indictment. (Doc. 31). Shoots was sentenced on Count 1 and Count 2 to 38 months of custody, with 2 years of supervised release to follow, with both the custodial terms and the supervised release terms to run concurrently. (Doc. 42). Shoots' current term of supervised release began on November 21, 2024.

**Petition**

On December 1, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Shoots' supervised release. (Doc. 64). The Petition alleged Shoots violated conditions of his supervised release by: (1) failing to comply with the rules and regulations of Blue Thunder Lodge, his sober living placement; (2) consuming alcohol on November 20, 2025; (3) using methamphetamine on November 20, 2025; (4) being evicted from Blue Thunder Lodge, his sober living placement, on November 21, 2025; and (5) having contact with Angel Pomani, a convicted felon, without the permission of his probation officer on November 26, 2025.

**Amended Petition**

On December 2, 2025, the United States Probation Office filed an Amended Petition requesting that the Court revoke Shoots' supervised release. (Doc. 67). The Amended Petition alleged Shoots violated conditions of his supervised release by the added violations of: (6) failing to answer truthfully questions by his probation officer on December 1, 2025, by denying having contact with Angel Pomani, who was located minutes later in Shoots' garage.

**Initial Appearance**

Shoots appeared before the Court on December 9, 2025. Shoots was represented by counsel. Shoots stated that he had read the Amended Petition and that he understood the allegations against him. Shoots waived his right to a preliminary hearing.

**Revocation hearing**

Shoots appeared before the Court on December 9, 2025. The parties consented to proceed with the revocation hearing before the undersigned. Shoots admitted that he had violated the conditions of supervised release as set forth in the Amended Petition. Shoots' admitted violations, 1-6, are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Shoots appeared before the Court on December 9, 2025. Shoots' violations are a Grade C. His criminal history category is I. Shoots' underlying offenses are Class C felonies. Shoots could be incarcerated for up to 24 months on both counts. Shoots could be ordered to remain on supervised release for 22 months less any custody time on both counts. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.   Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Shoots' supervised release should be revoked. Shoots should be sentenced to custody for 3 months, with 19 months of supervised release to follow on both Count 1 and Count 2, with the custodial terms and supervised release terms to run concurrently. During the term of his supervised release, Shoots shall be placed in a residential re-entry center for up to 180 days at the direction of his probation officer. This sentence is sufficient but not greater than necessary.

### IV.   Conclusion

The Court informed Shoots that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Shoots of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Shoots that Judge Morris would

consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Shoots waived his right to appeal and allocute before Judge Morris.

The Court **FINDS:**

> That DEWAYNE C. SHOOTS, JR. has violated the conditions of his supervised release by: (1) failing to comply with the rules and regulations of Blue Thunder Lodge, his sober living placement; (2) consuming alcohol on November 20, 2025; (3) using methamphetamine on November 20, 2025; (4) being evicted from Blue Thunder Lodge, his sober living placement, on November 21, 2025; (5) having contact with Angel Pomani, a convicted felon, without the permission of his probation officer on November 26, 2025; and (6) failing to answer truthfully questions by his probation officer on December 1, 2025, by denying having contact with Angel Pomani, who was located minutes later in Shoots' garage.

The Court **RECOMMENDS:**

> That the District Court revoke Shoots' supervised release and sentence Shoots to custody for 3 months, with 19 months of supervised release to follow on both Count 1 and Count 2, with the custodial terms and supervised release terms to run concurrently. During the term of his supervised release, Shoots shall be placed in a residential re-entry center for up to 180 days at the direction of his probation officer.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 10th day of December 2025.

John Johnston
United States Magistrate Judge