IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>DEWAYNE C. SHOOTS,<br><br>   Defendant. | CR-21-65-GF-BMM<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

United States Magistrate Judge John Johnston entered Amended Findings and Recommendations in this matter on December 10, 2025. (Doc. 72.)

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Bad Old Man v. Arn*, 474 U.S. 140, 153-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Johnston conducted a revocation hearing on December 9, 2025 (Doc. 68.) The United States accused Dewayne Shoots (Shoots) of violating the

conditions of his supervised release by: (1) failing to comply with the rules and regulations of Blue Thunder Lodge, his sober living placement; (2) consuming alcohol on November 20, 2025; (3) using methamphetamine on November 20, 2025; (4) being evicted from Blue Thunder Lodge, his sober living placement, on November 21, 2025; (5) having contact with Angel Pomani, a convicted felon, without the permission of his probation officer on November 26, 2025; and (6) failing to answer truthfully questions by his probation officer on December 1, 2025, by denying having contact with Angel Pomani, who was located minutes later in Shoots' garage.  (Docs. 64 and 67.)

At the revocation hearing, Shoots admitted that he had violated the conditions of supervised release as set forth in allegations 1-6 of the Amended Petition. Judge Johnston recommended a sentence of custody of 3 months with 19 months supervised release to follow on both Count 1 and Count 2 with the terms to run concurrently. Judge Johnston also recommended that during the term of his supervised release, Shoots shall be placed in a residential re-entry center for up to 180 days at the direction of his probation officer (Doc. 72.) The Court advised Shoots of his right to appeal and to allocute before the undersigned, he waived those rights.  (Doc. 68)

The violations Shoots admitted prove serious and warrants revocation of Shoot's supervised release. The Court finds no clear error in Judge Johnston's Findings and Recommendations.

Accordingly, **IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 72) are **ADOPTED IN FULL.  IT IS FURTHER ORDERED** that Dewayne Shoots be sentenced for a term of custody of 3 months with 19 months supervised release to follow on both Count 1 and Count 2, with the terms to run concurrently. During the term of his supervised release, Shoots shall be placed in a residential re-entry center for up to 180 days at the direction of his probation officer.

DATED this 18th day of December 2025.

_____
Brian Morris, Chief District Judge
United States District Courts