IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21-65-GF-BMM-JTJ |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DEWAYNE C. SHOOTS JR., | |
| Defendant. | |

## I.     Synopsis

Defendant Dewayne C. Shoots Jr. (Shoots) has been accused of violating the conditions of his supervised release. (Doc. 76 ). Shoots admitted the alleged violations. Shoots' supervised release should be revoked. Shoots should be sentenced to custody until July 27, 2026, with 18 months of supervised release to follow on both Count 1 and Count 2, with the custodial terms and supervised release terms to run concurrently.  During the term of supervised release, Shoots shall be placed in a residential reentry center for a period of up to 180 days at the direction of his probation officer.

## II.    Status

Shoots plead guilty on December 15, 2021 to two counts of the offense of Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. § 113(a)(6) as charged in Count 1 and 2 of the Indictment. (Doc. 31). Shoots was sentenced on Count 1 and Count 2 to 38 months of custody, with 2 years of supervised release to follow, with both the custodial terms and the supervised release terms to run concurrently. (Doc. 42). Shoots' current term of supervised release began on February 27, 2026.

### Petition

On June 29, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Shoots' supervised release. (Doc. 64). The Petition alleged Shoots violated conditions of his supervised release by: (1) failing to report for substance abuse treatment at Many Rivers Whole Health on March 6, 2026; (2) admitting on June 23, 2026, to communicating or interacting with Angel Pomani, a convicted felon, after being advised by his probation officer not to do so; (3) failing to report for substance abuse treatment at Many Rivers Whole Health on June 23, 2026; (4) failing to report for substance abuse treatment at Many Rivers Whole Health on June 24, 2026; (5) consuming alcohol on June 25, 2026; (6) communicating or interacting with Angel Pomani, a convicted felon, without the permission of his probation officer on June 25, 2026; (7) using methamphetamine

and consuming alcohol on June 25, 2026;  (8) communicating or interacting with Angel Pomani, a convicted felon, without the permission of his probation officer on June 28, 2026; and (9) using methamphetamine on June 27, 2026.

**Initial Appearance**

Shoots appeared before the Court on July 1, 2026. Shoots was represented by counsel. Shoots requested the revocation hearing be continued.  The Court reset Shoots' revocation hearing for July 7, 2026, at 10:30 a.m.

**Revocation hearing**

Shoots appeared before the Court on July 7, 2026.  The parties consented to proceed with the revocation hearing before the undersigned. Shoots stated that he had read the Petition and that he understood the allegations against him.  Shoots waived his right to a preliminary hearing.  Shoots admitted that he had violated the conditions of supervised release as set forth in the Petition. Shoots' admitted violations, 1-9, are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Shoots appeared before the Court on July 7, 2026.  Shoots' violations are a Grade C.  His criminal history category is I.  Shoots' underlying offenses, Count 1 and 2,  are Class C felonies.  Shoots could be incarcerated for up to 24 months on both counts. Shoots could be ordered to remain on supervised release for 36 months

less any custody time on both counts. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Shoots' supervised release should be revoked. Shoots should be sentenced to custody until July 27, 2026, with 18 months of supervised release to follow on both Count 1 and Count 2, with the custodial terms and supervised release terms to run concurrently During the term of supervised release, Shoots shall be placed in a residential reentry center for a period of up to 180 days at the direction of his probation officer. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Shoots that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Shoots of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Shoots that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Shoots waived his right to appeal and allocute before Judge Morris.

The Court **FINDS:**

That DEWAYNE C. SHOOTS, JR. has violated the conditions of his supervised release by: (1) failing to report for substance abuse treatment

at Many Rivers Whole Health on March 6, 2026; (2) admitting on June 23, 2026, to communicating or interacting with Angel Pomani, a convicted felon, after being advised by his probation officer not to do so; (3) failing to report for substance abuse treatment at Many Rivers Whole Health on June 23, 2026; (4) failing to report for substance abuse treatment at Many Rivers Whole Health on June 24, 2026; (5) consuming alcohol on June 25, 2026; (6) communicating or interacting with Angel Pomani, a convicted felon, without the permission of his probation officer on June 25, 2026; (7) using methamphetamine and consuming alcohol on June 25, 2026; (8) communicating or interacting with Angel Pomani, a convicted felon, without the permission of his probation officer on June 28, 2026; and (9) using methamphetamine on June 27, 2026.

The Court **RECOMMENDS:**

That the District Court revoke Shoots' supervised release and sentence Shoots to custody until July 27, 2026, with 18 months of supervised release to follow on both Count 1 and Count 2, with the custodial terms and supervised release terms to run concurrently. During the term of supervised release, Shoots shall be placed in a residential reentry center for a period of up to 180 days at the direction of his probation officer.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.

Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 8th day of July 2026.

John Johnston
United States Magistrate Judge