**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br><br>DEWAYNE C. SHOOTS JR.,<br><br>Defendant. | CR-21-65-GF-BMM-JTJ<br><br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on July 8, 2026. (Doc. 84.)

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Bad Old Man v. Arn*, 474 U.S. 140, 153-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Johnston conducted an initial appearance on July 7, 2026. (Doc. 85.) The United States accused Dewayne Shoots (Shoots) of violating the conditions of his supervised release by: (1) failing to report for substance abuse treatment at Many Rivers Whole Health on March 6, 2026; (2) admitting on June 23, 2026, to communicating or interacting with Angel Pomani, a convicted felon, after being advised by his probation officer not to do so; (3) failing to report for substance abuse treatment at Many Rivers Whole Health on June 23, 2026; (4) failing to report for substance abuse treatment at Many Rivers Whole Health on June 24, 2026; (5) consuming alcohol on June 25, 2026; (6) communicating or interacting with Angel Pomani, a convicted felon, without the permission of his probation officer on June 25, 2026; (7) using methamphetamine and consuming alcohol on June 25, 2026; (8) communicating or interacting with Angel Pomani, a convicted felon, without the permission of his probation officer on June 28, 2026; and (9) using methamphetamine on June 27, 2026.  (Doc. 76.)

At the revocation hearings Shoots admitted that he had violated conditions 1-9 of his supervised release as set forth in the Petition. (Doc. 82.)

Judge Johnston recommended a sentence until 10:00 a.m. on July 27, 2026 with 18 months of supervised release. Judge Johnston also recommended that during the term of supervised release, Shoots shall be placed in a residential

reentry center for a period of up to 180 days at the direction of his probation officer.  (Doc. 84.)

The violations Shoots admitted prove serious and warrants revocation of his supervised release. The Court finds no clear error in Judge Johnston's Findings and Recommendations.

Accordingly, **IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 84) are **ADOPTED IN FULL.  IT IS FURTHER ORDERED** that Dewayne Shoots, Jr. be sentenced for a term of custody until 10:00 a.m. on July 27, 2026 with 18 months supervised release to follow. During the term of supervised release, Shoots shall be placed in a residential reentry center for a period of up to 180 days at the direction of his probation officer.

DATED this 13th day of July 2026.

_____
Brian Morris, Chief District Judge
United States District Courts